# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA KOWALEWSKI,<br>    Plaintiff,<br>    v.<br>SUSQUEHANNA COUNTY,<br>    Defendant. | CIVIL ACTION NO. 3:17-CV-01182<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before this Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Susquehanna County ("County"). Plaintiff Lisa Kowalewski ("Plaintiff") attempts to assert a First Amendment retaliation claim against the County for terminating her employment after running a background check on one of her supervisors. Because Plaintiff has failed to sufficiently plead that she engaged in speech protected by the First Amendment, Defendant's Motion will be granted.

**I.    Background**

**A.    Factual Background**

Plaintiff Lisa Kowalewski began her employment with Susquehanna County as an IT Director in September of 2015. (*Plaintiff's Second Amended Complaint* ("*Compl.*"), at ¶9.) At all relevant times of her employment with the County, Plaintiff's direct supervisor was the Chief Clerk, Mr. Robert Stoud. (*Compl.*, at ¶11.)

On November 3, 2016, Plaintiff alleges that she went into Stoud's office and was "chastised and berated." (*Compl.*, at ¶12.) Specifically, Plaintiff claims that Stoud "spoke to [her] in a rude, aggressive and hostile manner. (*Id.*) Additionally, Plaintiff avers that Stoud's body language was "hostile and threatening," which prevented her from leaving the office. (*Compl.*, at ¶¶12-13.)

Following Plaintiff's interaction with Stoud on November 3rd, Plaintiff initiated a background investigation of Stoud. (*Compl.*, at ¶15.) She conducted this investigation from her home computer. (*Id.*) Further, Plaintiff alleges that she discussed "the fact that

1

she ran a background check of Stoud with her assistant. (*Compl.*, at ¶16.) Plaintiff does not aver the results of this investigation or that she informed her assistant of the results.

On January 3, 2017, Plaintiff was placed on administrative leave pending an investigation of her conduct. (*Compl.*, at ¶17.) After having been placed on administrative leave, Plaintiff discovered that her conduct at issue was the initiation of the background check of Stoud and the subsequent discussion with her assistant. (*Id.*) As the investigation into Plaintiff's conduct progressed, Plaintiff assured two Detectives that she conducted the background check "on her own time, from her residence and with the use of her personal computer." (*Compl.*, at ¶19.)

The investigation concluded, and Plaintiff was formally terminated on February 10, 2017. (*Compl.*, at ¶20.) The reason provided for Plaintiff's termination: she conducted a background check of Stoud and discussed it with her co-worker. (*Compl.*, at ¶21.)

**B.     Procedural History**

Plaintiff filed the instant Second Amended Complaint against Susquehanna County on August 21, 2017. (Doc. 11.) This single-count Complaint alleges a cause of action arising under 42 U.S.C. §1983 for a violation of the First Amendment. Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint on October 12, 2017. (Doc. 15.) This Motion has been fully briefed and is ripe for disposition. (Docs. 16-17.)

## II.     Legal Standard

**A.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action."

*Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)).  In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief.  *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

### III.    Discussion

**A.    First Amendment Retaliation:**

A public employee does not relinquish her First Amendment right to comment on matters of public interest by virtue of government employment. *See Pickering v. Bd. of Educ.*, 391 U.S. 563, 570 (1968); *see also Miller v. Clinton County*, 544 F.3d 542, 547 (3d Cir. 2008). This means that a "state may not discharge an employee on a basis that infringes [on an] employee's constitutionally protected interest in freedom of speech." *Rankin v. McPherson*, 483 U.S. 378, 383 (1987) (citing *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)). If a public employee is terminated, she may pursue a claim premised on the First Amendment if: (1) she was engaged in activity protected by the First Amendment; (2) the government responded with retaliatory action sufficient to deter a person of ordinary firmness from exercising his or her rights; and (3) the protected activity was the cause of the retaliation. *See Lauren W. ex. Rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citing *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)); *Hill v. Borough of Kutztown*, 455 F.3d 225, 241(3d Cir. 2006). Here, Plaintiff has properly pled both the second and third requirements to sustain such a claim, however, the County disputes whether Plaintiff engaged in activity protected by the First Amendment.

Defendant Susquehanna County seeks dismissal of Plaintiff's Second Amended Complaint in so far that it alleges a claim of First Amendment retaliation. First, the County suggests that it is immune from suit under a theory of qualified immunity. As a

preliminary matter, I will not fully address the County's qualified immunity argument because it is—on its face—without merit.[1] Alternatively, the County argues that the Second Amended Complaint should be dismissed because it fails to adequately plead a claim of First Amendment retaliation. Specifically, the County contends that Plaintiff has failed to allege that she engaged in any "protected speech." I agree with the County and will dismiss Plaintiff's claim.

Plaintiff has failed to sufficiently allege that she engaged in speech protected by the First Amendment. "To be protected, speech must implicate a matter of public concern and must outweigh the employer's interest in the effective operation of its public services." *Miller*, 544 F.3d at 548. "Speech implicates a matter of public concern if the content, form, and context establish that the speech involves a matter of political, social, or other concern to the community." *Id.* (citing *Connick v. Myers*, 461 U.S. 138, 146-48.) Courts routinely find an absence of public interest where public employees level personalized complaints against their employers. *See, e.g., Connick*, 461 U.S. at 147 (noting that First Amendment claims must be restricted "artificially" to exclude "routine employee grievances."); *Sanguigni v. Pittsburgh Bd. of Public Educ.*, 968 F.2d 393, 399 (3d Cir. 1992) (holding that speech related to "mundane employment grievances" were not of public concern.); *Gaj v. United States Postal Service*, 800 F.2d 64, 67 (3d Cir. 1986) (explaining that employee complaints about safety matters and working conditions did not related to matters of public concern); *McGinness v. Nazareth Borough*, 2015 WL 1511051, at *2 (E.D. Pa. Apr. 2, 2015) ("Claims of harassment in the workplace generally are not protected by the First Amendment," and are considered

---

[1] "Qualified immunity shields *government officials* from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (emphasis added) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). As a definitional matter, qualified immunity does not apply to shield the municipality itself. Further, the County is advised to remember that Plaintiff is the "master of her complaint;" the County does not get to assert arguments that may have been made if other parties had been named. *See Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006); *see also McDonald v. Pa. State Police*, No. 9-442, 2012 WL 5381403, at *14 (W.D. Pa. Oct. 31, 2012) ("A defendant is not entitled to re-formulate a plaintiff's claims."); Moore's Federal Practice, §19.02 (3d ed. 2002) (explaining that generally, unless there is an overriding policy reason, the Court should respect Plaintiffs' choice of defendants).

4

ordinary employment disputes). In other words, "mere employee grievances are not a public concern." *Rearick v. Spanier*, No. 11-624, 2011 WL 4905517, at *4 (M.D. Pa. Oct. 13, 2011) (Caputo, J.).

Notably, determining whether speech involves a matter of public concern is a question of law that should be decided upon a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Miller*, 544 F.3d at 548.

Here, Plaintiff alleges that she was "chastised and berated" by her supervisor, Mr. Stoud. (*Compl.*, at ¶12.) She also claims that he exhibited body language that was "hostile and threatening," and physically prevented her from walking out of his office. (*Compl.*, at ¶¶12-13.) As a result, Plaintiff initiated a digital background check on her supervisor in an attempt to determine whether or not he had a history of harassing his employees. (*Compl.*, at ¶15.) While the investigation was ongoing, Plaintiff discussed the background check with her co-worker. (*Compl.*, at ¶16.) Plaintiff explains that she engaged in this "speech" because she was "genuinely concerned about whether [her supervisor] was fit for duty as a public employee." (*Compl.*, at ¶14.) Specifically, Plaintiff was concerned about her supervisor's history of engaging in similar conduct with other employees." (*Id.*) Later, she was terminated for initiating the background check and speaking about it with a co-worker.

Now, Plaintiff argues that the initiation of the background check and her conversation with her co-worker constitute speech protected by the First Amendment. Even assuming that the initiation of a background check constitutes speech, I find that neither action touches on a matter of public concern as required to proceed with this action. Rather, when examining "the content, form, and context" of Plaintiff's allegations, it is clear that Plaintiff is attempting to turn a workplace dispute into a constitutional grievance. *Connick*, 461 U.S. at 146-48. Plaintiff failed to plead: (1) the results of the background check; (2) that she shared the results of the background check; (3) that she spoke about Stoud's conduct with his supervisors; or (4) that she shared her concerns with the public. Thus, for the purposes of this motion, she did not "seek to communicate to the public or advance a political or social point of view beyond the employment context," which implies that her speech lacked public concern. *Borough of Duryea, Pa. Guarnieri*, 564 U.S. 379, 398; *see also Rearick*, 2011 WL 4905517, at *4. Further,

Plaintiff has failed to plead how her speech, if released to the public "would convey [any] information at all other than the fact that [Plaintiff] was upset." *Connick*, 461 U.S. at 148. Again, such failure suggests Plaintiff's speech was not of public concern.

In context, Plaintiff's actions are akin to that of a normal employee complaining about her boss' conduct. Such speech is not protected by the First Amendment, and "to find otherwise would be to create the potential for litigation in every workplace gripe exchanged around the water cooler." *Desrochers v. City of San Bernardino*, 572 F.3d 703, 713 (9th Cir. 2009). Therefore, Plaintiffs First Amendment retaliation claim will be dismissed.

Moreover, the Second Amended Complaint relies on a myriad of legal conclusions to support the notion that Plaintiff engaged in protected speech. For example, the Second Amended Complaint states, unequivocally, that "Plaintiff's speech is protected by the First Amendment," and that "Plaintiff's conducting of a background check constitutes speech for purposes of 42 U.S.C. §1981." (*Compl.*, at ¶¶22, 30.) These are legal conclusions, which are not considered when assessing the plausibility of Plaintiff's claim. *See Iqbal*, 556 U.S.at 678. When the offending averments are disregarded, the Second Amended Complaint does not assert a viable claim. Thus, dismissal is warranted.

**B.     Leave to Amend**

This Court is instructed to allow a curative amendment unless an amendment would be inequitable or futile. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 237 (3d Cir. 2008). Here, because Plaintiff may be able to amend their pleadings to support the claim asserted by properly articulating a basis for First Amendment protection, this Court will grant Plaintiff one final leave to amend Count I of the Second Amended Complaint.

### **IV.    Conclusion**

For the above stated reasons, Defendant's Motion to Dismiss will be granted, and Plaintiff's claim will be dismissed without prejudice.
An appropriate order follows.


<u>February 1, 2018</u>                                                                                <u>  /s/ A. Richard Caputo  </u>
Date                                                                                                          A. Richard Caputo
                                                                                                                    United States District Judge